IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| RED BARCHETTA LLC dba HOLIDAY INN EXPRESS & SUITES, | ) ) ) ) |
| Defendant. | ) ) |

ELECTRONICALLY FILED
5/22/2023
U.S. DISTRICT COURT
Northern District of WV

CIVIL ACTION NO. 2:23-cv-8 TSK

**COMPLAINT**
**AND JURY TRIAL DEMAND**

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("the ADA"), as amended by the ADA Amendments Act of 2008, Pub. L. 110-325, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Charging Party Jacqueline Louk who was adversely affected by such practices. As alleged with greater particularity in Paragraphs 13 through 46 below, the U.S. Equal Employment Opportunity Commission ("the Commission") alleges that Defendant Red Barchetta LLC (dba Holiday Inn Express & Suites) ("Defendant") subjected Louk to discriminatory discharge, or in the alternative, failure to rehire on the basis of her disabilities and because she is regarded as disabled.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12117(a), which incorporates by reference Sections

1

706(f)(1) & (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) & (3).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of West Virginia.

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission ("the Commission"), is the Agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §§ 12117(a).

4. At all relevant times Red Barchetta LLC (dba Holiday Inn Express & Suites) ("Defendant"), a West Virginia limited liability company, has continuously been doing business in the State of West Virginia and the City of Elkins, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h). At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

6. In each of the calendar years 2019, 2020, and 2021, Defendant continuously employed 15 or more employees.

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Charging Party Louk filed a charge of discrimination with the Commission alleging violations of the ADA by Defendant.

8. On March 22, 2022, the Commission issued to Defendant an administrative Determination finding reasonable cause to believe that Defendant violated the ADA and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the administrative Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On May 17, 2022, the Commission issued to Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIM

13. Since at least September 2020 and continuing to present, Defendant has engaged in unlawful employment practices at its Elkins, West Virginia facility and business operations in violation of Sections 102(a) and 102(b)(1) of the ADA, 42 U.S.C. §§ 12112(a) & (b)(1).

14. At all relevant times, Jacqueline Louk was a person with a disability under Sections 3(1)(A) and 3(1)(C) of the ADA, 42 U.S.C. § 12102(1)(A) & (C).

15. At all relevant times, including since at least April 2020, Ms. Louk has had physical

impairments, chronic obstructive pulmonary disease (COPD) and asthma, that substantially limited her major bodily function of respiration and major life activity of breathing, and Defendant regarded Ms. Louk as having a disability by discharging her or, alternatively, failing to rehire her, and by failing to schedule her and return her from furlough because of her non-transitory and non-minor impairments, COPD and asthma.

16. Jacqueline Louk was employed as a housekeeper by Defendant at its Elkins, West Virginia hotel from April 2012 to April 2013 and since on or about April 2014 to on or about May 6, 2021.

17. As a housekeeper, Ms. Louk cleaned hotel rooms, bathrooms, and common areas.

18. At all relevant times, Ms. Louk was qualified to perform all essential functions of the Defendant housekeeper position, with or without reasonable accommodation.

19. At all relevant times, Defendant and its personnel, including but not limited to General Manager Craig Fortney and Head Housekeeper William Whitehair, possessed actual knowledge that Louk had asthma and COPD, and had observed the manifestations and symptoms of those impairments.

### *Count I: Discharge, or in the Alternative, Denial of Rehire on the Basis of Disability Prohibited by 42 U.S.C. §§ 12112(a) and 12112(b)(1)*

20. Defendant furloughed many of its workers, including Ms. Louk, on or about March 27, 2020, due to the coronavirus pandemic.

21. In or around late March 2020, Defendant's General Manager Craig Fortney had a meeting with hotel housekeeping and laundry staff, including Ms. Louk, in which he made a statement to the effect that staff would be furloughed or laid off, and any employees with lung or breathing problems would be the last workers to be recalled from the furlough or layoff given that COVID-19 was an airborne virus.

22. At no time did Defendant ever seek or obtain any information from Louk or any other employees, or from any health care provider, about their lung or breathing problems in order to conduct an individualized assessment of whether allowing those employees to return to work, or the timing of such return, would present a health and safety risk. Defendant did not conduct such individualized assessment.

23. Defendant's Elkins hotel resumed scheduling many housekeepers for work shifts on or around May 2020.

24. Ms. Louk worked several shifts at Defendant's Elkins hotel between late May 2020 and to on or around June 30, 2020.

25. On June 14, 2020, Ms. Louk was working with another housekeeper cleaning rooms when she began having difficulty breathing and her co-worker called an ambulance. Ms. Louk was seen at the Emergency Room and released the same day.

26. On or about June 15, 2020, Ms. Louk was formally diagnosed by a physician as having chronic obstructive pulmonary disease (COPD).

27. Ms. Louk was diagnosed with asthma in approximately August 2020.

28. Prior to her diagnoses of COPD and asthma, Ms. Louk exhibited manifestations of these impairments.

29. Ms. Louk's treating physician cleared her to return to work without restriction starting on June 16, 2020.

30. On or about June 16, 2020, Ms. Louk expressed her willingness to work and Fortney communicated that Defendant had Louk's shift covered for that day.

31. Ms. Louk worked at least one shift with Defendant on or after June 16, 2020.

32. After June 2020, Defendant, acting through Fortney, declined to schedule Ms. Louk for any housekeeping work shifts.

33. Whitehair and/or Fortney transmitted the weekly work schedules and other communications to Defendant's housekeeping staff through group text messages, which included Ms. Louk. Ms. Louk's name was listed on the weekly schedules from at least as early as June 2020 continuously through approximately late April 2021.

34. On or about September 6, 2020, Ms. Louk communicated to Fortney that she was able to work and asked him to schedule her to work at the hotel, but Fortney declined to schedule Ms. Louk for any work shifts.

35. On and after September 6, 2020, Defendant scheduled other housekeeping staff for work shifts but did not schedule Ms. Louk.

36. Defendant, acting through Fortney, denied Ms. Louk's request to return to the schedule in both June and September 2020 because of her COPD and asthma conditions.

37. In a written statement to the Commission during the agency's investigation of the administrative charge of discrimination, Fortney stated that he declined to schedule Ms. Louk for work because of the aforementioned respiration/breathing impairments.

38. On or about April 26, 2021, Ms. Louk spoke in person to Fortney about her interest in and qualification to return to her housekeeping position, explaining that she had begun seeing a specialist for her COPD and asthma, started medication to mitigate her conditions, stopped smoking, exercised, received both doses of her COVID-19 vaccination, and was feeling much better relative to the breathing episode she experienced on June 14, 2020.

39. In response to Ms. Louk's update, Fortney asked how she would do with the spray chemicals the hotel uses. She replied that she did not know but that she would do whatever was

necessary to make it work, such as buying a bucket so she could apply the cleaner to surfaces by hand instead of using a spray bottle to dispense the cleaner as a mist, if necessary.

40. Neither Fortney nor any other employee of Defendant requested that Ms. Louk or her health care professionals provide any medical documentation or any medical information.

41. Neither Fortney nor any other employee of Defendant engaged in any discussions about possible work-related modifications for Ms. Louk.

42. On May 6, 2021, Head Housekeeper William Whitehair transmitted a text message to Ms. Louk notifying her that Defendant would not employ her due to her medical conditions.

43. In a written statement to the Commission during the agency's investigation of the administrative charge of discrimination, Fortney stated that as of May 2021 Defendant declined to employ Ms. Louk because of her COPD and asthma conditions.

44. Defendant discharged Ms. Louk from her housekeeping position, or alternatively, declined to rehire her for such position because of her disabilities, COPD and asthma.

45. The unlawful employment practices complained of in Paragraphs 13 through 44, above, were intentional.

46. The unlawful employment practices complained of in Paragraphs 13 through 44, above, were done with malice or with reckless indifference to the federally protected rights of Ms. Louk.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in

discrimination by discharging, failing to rehire, and denying work hours to individuals with disabilities on the basis of their disability.

      B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals with disabilities, and which eradicate the effects of its past unlawful employment practices, including but not limited to an injunction mandating procedures and employee training regarding direct threat/safety analysis of job applicants and employees that comport with ADA requirements, such as individualized assessment.

      C.      Order Defendant to make whole Jacqueline Louk by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and front pay.

      D.      Order Defendant to make whole Jacqueline Louk by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 13 through 46 above, in amounts to be determined at trial.

      E.      Order Defendant to make whole Jacqueline Louk by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in Paragraphs 13 through 46 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

      F.      Order Defendant to pay to Jacqueline Louk punitive damages for malicious and reckless conduct, as described in Paragraphs 13 through 46 above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

GWENDOLYN YOUNG REAMS
ACTING GENERAL COUNSEL

CHRISTOPHER LAGE
DEPUTY GENERAL COUNSEL

LISA MORELLI
ACTING ASSOCIATE GENERAL COUNSEL
WASHINGTON, D.C.

*Debra Lawrence* by C.S. per authorization
———————————————
DEBRA M. LAWRENCE
REGIONAL ATTORNEY
EEOC – Philadelphia District Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
(410) 801-6691
(410) 962-4270 (facsimile)

*Ronald Phillips* by C.S. per authorization
———————————————
RONALD L. PHILLIPS
SUPERVISORY TRIAL ATTORNEY
Ohio Bar No. 0070263
EEOC – Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201

(410) 801-6714
(410) 992-7880 (facsimile)
ronald.phillips@eeoc.gov

_____
CASEY M. SHEA
SENIOR TRIAL ATTORNEY
Maryland Bar No. 1706200165
EEOC – Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
(410) 801-6728
(410) 992-7880 (facsimile)
casey.shea@eeoc.gov


_____
DELANEY E. ANDERSON
TRIAL ATTORNEY
Maryland Bar No. 2112140015
EEOC – Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
(410) 801-6742
(410) 992-7880 (facsimile)
delaney.anderson@eeoc.gov

_____
MAXIMILLIAN F. NOGAY
ASSISTANT UNITED STATES ATTORNEY
WV Bar No. 13445
United States Attorney's Office
Northern District of West Virginia
P.O. Box 591
1125 Chapline Street, Suite 3000
Wheeling, WV 26003
(304) 234-0100
(304) 234-0110 (facsimile)
Max.Nogay@usdoj.gov

*Counsel for United States of America*