**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT** | ) | |
| **OPPORTUNITY COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.   2:23-cv-8 TSK** |
| | ) | |
| **RED BARCHETTA LLC** | ) | |
| **dba HOLIDAY INN EXPRESS & SUITES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## CONSENT DECREE

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission") instituted this action alleging that Defendant Red Barchetta LLC subjected Charging Party Jacqueline M. Louk to unlawful discharge on the basis of disability in violation of the Americans with Disabilities Act of 1990, as amended ("ADA"). Defendant denies EEOC's allegations, and there has been no adjudication of the ADA liability issues in this action.

In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be resolved by entry of this Consent Decree (hereafter "Decree"). This Decree fully and finally resolves any and all claims set forth in the Complaint filed by the EEOC in the above-styled and numbered action.

## FINDINGS

Having carefully examined the provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

A.       This Court has jurisdiction of the subject matter of this action and of the parties;

1

B.     The terms of this Decree are adequate, fair, reasonable, equitable, and just and are in the best interests of the parties, Charging Party Jacqueline M. Louk, and the public; and

C.     This Decree conforms with the Federal Rules of Civil Procedure and the ADA and is not in derogation of the rights or privileges of any person.  The entry of this Decree will further the objectives of the ADA.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

**<u>DEFINITIONS</u>**

A.     The terms *complaint* or *complaints* shall mean any allegation or report made by any person, whether or not substantiated by evidence, whether or not made in conformity with Defendant's established procedures, made by any means of communication, regarding potential discrimination or harassment (including but not limited to disability discrimination) committed by any employee, officer, director, owner, or customer of Defendant.

B.     The term *days* shall mean calendar days unless business days are clearly specified in a provision of the Decree. If any deadline referenced in this Decree shall fall on a weekend or federal holiday, the deadline shall be moved to the next business day.

C.     The term *employee* shall be construed in accordance with controlling caselaw defining the meaning of the terms *employer* and *employee* under Title VII. The term *employee* shall specifically include all full-time, part-time, probationary, casual, seasonal, temporary and permanent employees of Defendant.

D.     The term *Effective Date* shall refer to the date that the Court approves and enters the Decree as a final order.

## INJUNCTION

1.      Defendant, its owners, members, officers, directors, agents, employees, successors, assigns and all persons acting in concert with them are permanently enjoined from: (a) engaging in any employment practice that unlawfully discriminates against any employee or job applicant on the basis of disability in discharge; hiring/rehiring; lay-off, furlough and related call back; and other terms and conditions of employment, including but not limited to denying any person work hours/scheduling; and (b) engaging in or being a party to any action, policy or practice that is intended to unlawfully discriminate against, or has the effect of discriminating against, any employee or job applicant on the basis of disability in discharge, hiring/rehiring; lay-off, furlough and related call back; and other terms and conditions of employment, including but not limited to denying any person work hours/scheduling.

2.      Defendant, its owners, members, officers, directors, agents, employees, successors, assigns and all persons acting in concert with them are permanently enjoined from discharging, laying off, refusing to hire or rehire, or otherwise excluding or disqualifying any employee or job applicant from employment on the basis of a perception or belief that such person poses a safety risk in the job at issue unless (a) such individual would pose a direct threat within the meaning of the ADA when performing the essential functions of that job and (b) any safety risk constituting the direct threat cannot be eliminated or reduced to an acceptable level through reasonable accommodation.

3.      Defendant, its owners, member, officers, directors, agents, employees, successors, assigns and all persons acting in concert with them are permanently enjoined from discharging, laying off, refusing to hire or rehire, or otherwise excluding or disqualifying any employee or job applicant from employment on the basis of a perception or belief that such person cannot

3

perform the essential functions of the job at issue with or without reasonable accommodation unless, after a reasonably diligent individualized assessment based on relevant information obtained or solicited consistent with the ADA, including information specified in 29 C.F.R. §§ 1630.2 et seq. (including but not limited to § 1630.2(m), (n), (o) & (r), and the interpretive guidance to those sections), no reasonable accommodation exists to enable the employee or applicant to perform the essential functions of the job, without undue hardship to the Defendant.

4.      Defendant, its owners, members, officers, directors, agents, employees, successors, assigns and all persons acting in concert with them are permanently enjoined from engaging in any form of retaliation, coercion, intimidation, threats or interference against any person because such person has opposed any practice made unlawful under the ADA; filed a charge of discrimination under the ADA; testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under the ADA; obtained relief or asserted any rights under this Decree; or otherwise exercised or enjoyed, or aided or encouraged any other individual in the exercise or enjoyment of, rights conferred by the ADA.

## **NON-ADMISSION OF LIABILITY**

5.      This Decree, as well as any order approving this Decree, shall not be construed as an admission by Defendant of liability or of the merits of any claim or allegation in the Complaint filed by EEOC. Defendant denies committing any violations of law and has voluntarily agreed to resolve this action by this Decree in the interest of avoiding the expense and inconvenience of contested litigation.

## CHARGING PARTY/CLAIMANT MONETARY RELIEF

6.      Within ten (10) days of the Effective Date, Defendant shall pay monetary relief to Jacqueline M. Louk in the total amount of $40,000.00, of which $10,000.00 shall constitute back pay, and $30,000.00 shall constitute compensatory damages for emotional distress.

7.      Defendant shall make all applicable payroll tax withholdings required by law from the amount payable to Ms. Louk as back pay.  Defendant shall be responsible for paying its own share of payroll tax liability required by law.  Defendant shall not make withholdings from the amount payable to Ms. Louk as compensatory damages for emotional distress.

8.      Payment to Ms. Louk shall be completed using two checks: one check for the amount constituting back pay (less applicable federal, state, and local payroll tax withholdings) and a second check for the amount constituting compensatory damages.  Defendant will deliver the two checks for monetary relief payable to "Jacqueline Louk" via certified U.S. mail (with a return receipt requested) or express overnight delivery to Ms. Louk at an address to be provided by EEOC. The check for the amount constituting back pay shall be accompanied by a written description setting forth the type and amount of all payroll tax withholdings made.  Within five (5) days of the date of delivery of the two checks to Ms. Louk, Defendant will transmit to EEOC photocopies of both checks, the written description of payroll tax withholdings, and proof of delivery.

9.      In the event that Defendant is unable to successfully make delivery of one or more of the checks required to be delivered by Paragraph 7, above, Defendant shall promptly notify the Commission of that fact, confer with the Commission about alternative methods of delivery, and then exercise reasonable diligence to attempt successful delivery of the check(s) by alternate methods.

10.    At the time that such tax documents are issued to other persons, Defendant shall issue to Ms. Louk an IRS Form W-2 for the monetary relief amount constituting back pay and an IRS Form 1099-MISC for the monetary relief amount constituting compensatory damages.

## ADA POLICIES AND PROCEDURES

11.    Defendant shall create and implement policies and procedures to promote compliance with Paragraphs 1, 2 and 3 of this Decree (hereinafter "Policies").  Such Policies shall require Defendant's personnel to adhere to at least the following requirements:

a.    Defendant shall be prohibited from excluding any person from employment or otherwise taking adverse employment action on the basis of a current or past medical condition, unless such person cannot perform the essential functions of the particular job at issue with or without reasonable accommodation or poses a direct threat to him/her/their-self or others that cannot be eliminated or reduced to an acceptable level with reasonable accommodation;

b.    When determining whether an employee or job applicant can perform the essential functions of the job at issue with or without reasonable accommodation, Defendant shall conduct an individualized assessment of the employee or job applicant. Defendant shall consider all relevant information, including information specified in 29 C.F.R. §§ 1630.2 et seq. (including but not limited to §1630.2(m), (n), (o) & (r)) and the Interpretive Guidance to those sections.

c.    When determining whether an employee or job applicant would pose a direct threat when performing the essential functions of the job at issue, Defendant shall conduct an individualized assessment of the employee or job applicant that first identifies the specific risk of potential harm posed by the individual when performing the essential

functions of the job at issue, and then shall consider the following factors: (i) the duration of the risk of potential harm; (ii) the nature and severity of the potential harm; (iii) the likelihood that the potential harm will occur; and (iv) and the imminence of the potential harm. In evaluating those factors, Defendant shall consider all relevant information that they may solicit or obtain consistent with the ADA, including information specified in 29 C.F.R. §§ 1630.2 et seq. (including but not limited to §1630.2(r)) and the Interpretive Guidance to those sections. Defendant will solicit and consider information about the individual, the experience of that individual in previous similar positions or previously performing the job functions that implicate the possible direct threat being evaluated, medical judgment that relies on the most current medical knowledge and/or best available objective evidence, the opinions of medical doctors and other medical professionals, and/or direct knowledge of that individual's qualifications or ability to perform the job.

d.      Defendant shall not rely upon assumptions, stereotypes or generalizations to conclude that an employee or job applicant cannot perform the essential functions of the particular job at issue with or without reasonable accommodation due to a medical condition or would pose a direct threat when performing the essential functions of the job at issue. To the extent that Defendant has a reasonable belief, based on objective facts, that an individual cannot perform essential job functions or constitutes a direct threat due to a medical condition, before taking adverse employment action on that basis, it shall make such medical inquiries or require such medical examinations consistent with the ADA as are reasonably warranted by the circumstances to ascertain whether that belief is accurate in light of the best available medical evidence concerning the relevant medical condition of the individual;

e.      In the event that Defendant concludes that an employee or job applicant cannot perform the essential functions of the particular job at issue or would pose a direct threat when performing the essential functions of the particular job at issue, Defendant must conduct an individualized assessment to determine if a reasonable accommodation exists to enable performance of the essential job function(s) or to eliminate any safety risk or reduce it to an acceptable level.

i.      In determining whether a reasonable accommodation exists, Defendant must exercise reasonable care in (A) distinguishing whether the job functions at issue are essential functions or marginal functions (or are not job functions at all within the meaning of the ADA but rather are methods/means of performing a job function) and (B) analyzing whether there are reasonable accommodations available to allow the employee or job applicant to perform the essential functions of the job without posing a direct threat.

ii.      When reasonably warranted by the circumstances, Defendant shall consult with qualified vocational rehabilitation counselors for purposes of identifying potential reasonable accommodations.

iii.      Defendant's relevant personnel shall exchange sufficient information about the employee or job applicant, the job at issue, and any other relevant factors to enable a reasonably informed determination of whether one or more reasonable accommodations can be made (1) to enable the employee or job applicant to perform the essential functions of the job; and/or (2) eliminate a direct threat or reduce such direct threat to an acceptable level of risk.

f.      In the event that Defendant concludes that an employee or job applicant

cannot perform the essential functions of the particular job at issue with or without reasonable accommodation, Defendant shall document and notify the employee or job applicant with a medical condition of at least the following information:

i.      A reasonably specific description of the job function(s) that Defendant has determined are essential function(s) of the job at issue that the employee or job applicant cannot perform with or without reasonable accommodation;

ii.      All facts relied on by Defendant in reaching its conclusion that the employee or job applicant cannot perform an essential function of the particular job at issue;

iii.      Any medical or other scientific information that forms the basis for Defendant's conclusion that the employee or job applicant cannot perform an essential function of the job with or without reasonable accommodation; and

iv.      A reasonably specific description of Defendant's evaluation of whether reasonable accommodations could be made, without undue hardship, to enable the employee or job applicant to perform all essential functions of the job at issue.

g.      In the event that Defendant concludes that an employee or job applicant would pose a direct threat to the employee or others when performing the essential functions of the job at issue, Defendant shall document and notify the employee or applicant with a medical condition of at least the following information:

i.      A reasonably specific description of the direct threat that Defendant has determined exists and identification of the particular essential function(s) of the

9

job that the employee or job applicant is unable to perform without posing a direct threat;

ii.      All facts relied on by Defendant in reaching its conclusion that the employee or job applicant cannot safely perform essential functions;

iii.      Any medical or other scientific information that forms the basis for Defendant's conclusion that the employee or job applicant poses a direct threat; and

iv.      A reasonably specific description of Defendant's evaluation of whether reasonable accommodations could be made to eliminate the direct threat or reduce it to an acceptable level.

h.      In the event that Defendant is required to document and notify the employee or job applicant pursuant to Paragraphs 11.f. and 11.g., Defendant shall notify the employee or applicant of the name, title and contact information of the Defendant official who made the decision to discharge, lay off, not hire or otherwise exclude or disqualify employee or job applicant. Defendant shall append to the written notification the most recent job description for the job at issue.  The written notification shall invite the job applicant or employee to provide, through a defined, reasonably accessible procedure and within a reasonable time period under the circumstances, any additional information that she/he/they considers to be relevant to her/his/their ability to perform the job, with or without reasonable accommodation.

i.      Defendant shall establish a disability discrimination and harassment complaint procedure. This complaint procedure shall include: (i) a description of multiple avenues for employees to make complaints of discrimination or harassment, including reporting such complaints to a managerial or supervisory employee, or a company owner.

The name and contact information (including phone numbers and e-mail address) of the owner(s) shall be provided. The complaint procedure shall be designed to be reasonably accessible to all employees, shall deem oral complaints or reports to be sufficient to initiate an investigation, shall not impose any time limit on the making of such complaints or reports, and shall not otherwise impose unreasonable burdens or requirements on employees seeking to complain or report; (ii) a statement that Defendant shall promptly, thoroughly and impartially investigate all complaints or reports of discrimination or harassment, and shall keep complaints and reports confidential except to the extent disclosure of information is necessary to conduct the investigation, take corrective or preventative actions, or comply with government inquiries; (iii) a statement that Defendant will not retaliate against any individual who makes a complaint of discrimination or harassment or who provides information or assistance in any investigation of such complaint; (iv) a statement that Defendant will promptly notify the complaining person of their investigation findings and any disciplinary action taken in response to her/his/their complaint; and (v) a statement that an employee may file a charge of discrimination with the U.S. Equal Employment Opportunity Commission or the West Virginia Human Rights Commission (and provide contact information for such agencies), in addition to filing a complaint with Defendant.

        j.      Defendant shall establish a reasonable accommodation request process. The request process shall: (i) define reasonable accommodation and the interactive process of identifying and providing reasonable accommodation in a manner that comports with the ADA; (ii) be designed to be reasonably accessible to all employees; (iii) provide the name, title, and contact information of the person(s) to whom requests for reasonable

accommodation shall be made; (iv) deem oral requests to be sufficient to initiate the interactive process; (v) not impose any time limit on the making of such requests; (vi) not otherwise impose unreasonable burdens or requirements on employees seeking to request an accommodation; and (vii) shall require responsible Defendant personnel to engage in the interactive process with the worker requesting accommodation.

k.      Within forty-five (45) days of the Effective Date, Defendant shall transmit to EEOC counsel of record a copy of the proposed policies and procedures required by this Paragraph. Thereafter, EEOC shall be afforded a period of fourteen (14) days to conduct a pre-implementation review of the Policies and provide any comments concerning the Policies or their implementation that EEOC deems to be warranted. Upon request by EEOC, Defendant shall confer in good faith with EEOC concerning the Policies and any EEOC comments thereto.

l.      Within fourteen (14) days of EEOC's completion of the pre-implementation review described in paragraph 11.k., above, Defendant shall implement the Policies, pursuant to Paragraph 11.a. to 11.j. above.

m.      Within fourteen (14) days from the date that Defendant implements the Policies required by Paragraph 11.a. to 11.j., above, Defendant shall send to EEOC a copy of the final Policies implemented by Defendant, along with a listing of the persons or categories of persons to whom the policies and procedures were distributed.

## ADA TRAINING

12.     Defendant shall utilize, at its own expense, the Job Accommodation Network (JAN), which is a service of the U.S. Department of Labor's Office of Disability Employment Policy/ODEP, and, solely as to Paragraph 11.i. below, any other qualified trainers, to provide

certain Defendant personnel (identified in Paragraph 13, below) with not less than three (3) hours of training regarding the following ADA-relevant subject matter:

      a.      Legal standards for what constitutes "disability";

      b.      The prohibition of discrimination on the basis of disability;

      c.      The concept of individualized assessment;

      d.      Legal standards for determining whether an individual poses a direct threat;

      e.      Legal standards for determining whether an individual is qualified to perform essential job functions, including the standards for determining "essential functions";

      f.      Legal standards governing the duty to provide reasonable accommodations and the interactive process of identifying and providing such accommodation;

      g.      What constitutes lawful and unlawful medical examinations and inquiries;

      h.      Employer and human resources best practices regarding the subjects referenced in Paragraphs 11.a. to 11.g.; and

      i.      The policies and procedures required by Paragraph 11, above.

13.     The training required by Paragraph 12, above, shall be provided to all Defendant personnel whose job duties include: decision-making concerning discharge, lay-off, furlough, hiring, recruiting, reasonable accommodation requests, assessing whether an employee or job applicant is able to perform essential job functions or constitutes a direct threat, or determining Defendant's policies and procedures required by Paragraph 11, above. This Paragraph shall not be construed to apply to personnel holding the position of head housekeeper, personnel who Defendant represents and warrants do not possess any decision-making authority concerning the matters set forth in Paragraph 12.a. through 12.i., above.

13

14.     Defendant shall provide no less than thirty (30) minutes of live training regarding the requirements of the ADA and policy described in Paragraph 11 to all employees.

15.     The training specified in Paragraphs 12 and 14, above, shall be provided within ninety (90) days of the Effective Date, and within fourteen (14) days of the start of employment for all new hires at the company.  The portion of the training required by Paragraph 12.a. through 12.h. may be delivered by presentation of a videorecording or online training module. The portion of the training required by Paragraph 12.i. must be delivered by live presentation. The initial training session required by Paragraph 14 of this Decree shall be presented to attendees live, though remote means of presentation may be used in lieu of in-person attendance. Subsequent training sessions required by Paragraph 14 may be presented by re-playing a video recording of the initial training session, provided that attendees are given the name and contact information of one or more persons knowledgeable of the subject matter of the training and who are available to answer any questions that attendees have about the subject matter of the training.

16.     EEOC must be notified in writing of the identity and qualifications of the trainer(s) for the trainings described in Paragraphs 12 and 14, above, all content of such training (including non-privileged training manuals and handout materials), method of presentation, and length of training course(s) at least thirty (30) days before any such training is presented to trainees.  Within thirty (30) days of each training presentation, Defendant shall provide to EEOC the name and job title of each attendee and each person who is required to attend the training.

### REPORTS TO EEOC

17.     Within six (6) months of the Effective Date, and each six (6) months thereafter, Defendant shall submit a written report to EEOC listing information regarding each employee or job applicant who was discharged, laid off, not hired for employment, or was otherwise excluded

14

or disqualified from a job during the preceding six-month period on the basis of a medical condition.

18.     Each report required by Paragraph 17, above, shall list the following information: (a) the full name, last known residence address and last known telephone number of the employee or job applicant; (b) the job for which the employee or job applicant was discharged, laid off, not hired, or from which such individual was otherwise excluded or disqualified; (c) the specific medical condition that was the basis for the discharge, lay off, non-hire, or exclusion/disqualification; (d) the date of decision to discharge, lay off, not hire, or exclude/disqualify the individual; (e) a particularized description of the reasons Defendant discharged, laid off, did not hire, or disqualified the employee or job applicant, including all facts forming the basis for Defendant's conclusion that such individual could not perform the essential functions of the job at issue and/or posed a direct threat in the job at issue; (f) a summary description of any reasonable accommodations considered and rejected by Defendant; (g) the name and job title of the individual(s) who made the decision to discharge, lay off, not hire or disqualify the individual; (h) whether the employee or job applicant submitted additional information to Defendant pursuant to the written notification procedures required by Paragraph 11.f. or 11.g., above; and (i) all information and documents obtained from the employee's or job applicant's health care provider, as well as all information and documents obtained from any other persons with whom Defendant consulted, concerning the individual, the medical condition, the job at issue, and/or the decision or proposed decision to discharge, lay off, not to hire, or otherwise exclude or disqualify the individual.

19.     Upon written request by the Commission, Defendant shall produce any non-privileged documents that are relevant to the subject matter of the report required by Paragraph

17, above.  Defendant shall make such production not later than thirty (30) days after Defendant's receipt (via their counsel of record) of the Commission's written request.

## POSTING OF NOTICE

20.     Within five (5) days of the Effective Date, Defendant shall conspicuously post a physical copy of the notice attached hereto as Exhibit A (the "Notice") on the bulletin board(s) ordinarily used by it for communicating with all employees at each of Defendant's offices, worksites, and other locations. The Notice shall remain posted for three (3) years from the Effective Date. Defendant shall take all reasonable steps to ensure that the Notice is not altered, defaced, or covered by any other material. Defendant shall permit a representative of EEOC to enter its premises for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

21.     Within fourteen (14) days of the Effective Date, Defendant shall certify, in writing, to EEOC that it has complied with the requirements of Paragraph 20, above.

## DISPUTE RESOLUTION AND COMPLIANCE REVIEW

22.     This Court shall retain jurisdiction to enforce the terms of this Decree and will have all available powers to enforce this Decree, including but not limited to monetary sanctions and injunctive relief.

23.     Upon motion of the Commission, this Court may schedule a hearing for the purpose of reviewing compliance with this Consent Decree.  Prior to such motion, the Commission shall notify Defendant, in writing, of the alleged non-compliance. Upon receipt of written notice, Defendant shall have fifteen (15) days either to correct the alleged non-compliance, and so inform the other party, or deny the alleged non-compliance, in writing;

a. If the parties cannot in good faith resolve their dispute, the Commission may file with the Court a motion to correct and remedy the breach;

b. Each party shall bear its own costs, expenses and attorney's fees incurred in connection with such action; and

c. Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the Northern District of West Virginia.

24. The Commission, its agents and employees shall in their discretion have the legal authority to enter Defendant's facilities, with reasonable prior notice to Defendant and its counsel, and conduct an on-site inspection to ensure compliance with the ADA and any of the terms of this Decree. Such inspections may, at the discretion of the Commission, include access to any and all documents for the purposes of inspection and duplication; interviews or depositions of any persons; inspection of any area within the facility; and any other investigatory technique or procedure permitted by the ADA or the Commission's regulations. The Commission shall also have the legal authority to require appearance and testimony of Defendant's personnel (at reasonable times and locations) at interviews or depositions and the production of relevant documents to ensure compliance with the ADA and any of the terms of this Decree. The Commission may at any time move the Court for a hearing for the purpose of compelling Defendant to cooperate in any aspect of this Paragraph. Neither the Commission's authority under this Paragraph nor any other provisions of this Decree shall be construed to limit or impair in any manner any other Commission authority to conduct investigations of Defendant that is provided by law, including, but not limited to, investigating charges of discrimination filed under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Pregnant Workers Fairness Act ("PWFA"), the Equal Pay Act of 1963 ("EPA"), the Age Discrimination in Employment Act of 1967 ("ADEA"),

Titles I or V of the Americans with Disabilities Act ("ADA"), the Genetic Information

Nondiscrimination Act of 2008 ("GINA"), and any statute over which the Commission is given

jurisdiction in the future, and conducting directed investigations authorized under the EPA, the

ADEA, and any future statute which authorizes directed investigations.

### DURATION AND SCOPE OF THE DECREE AND RETENTION OF JURISDICTION

25.     All provisions of this Decree shall be in effect for a period of three (3) years

immediately following the Effective Date, provided, however, that if, at the end of the three (3)

year period, any disputes under Paragraph 23, above, remain unresolved, the duration of the Decree

shall be automatically extended until such time as all such disputes have been resolved.

26.     For the duration of this Decree, this Court shall retain jurisdiction over this action

to enforce the terms of the Decree and shall have all available remedies to enforce the Decree,

including but not limited to monetary sanctions and injunctive relief.

27.     The provisions of this Decree shall apply to all of Defendant's locations and

business operations.

### EEOC'S REPORTING REQUIREMENTS UNDER IRC SECTIONS 162(F) AND 6050X

28.     Defendant acknowledges and agrees to the following:

a.      EEOC may be required to report the fact of this settlement to the IRS under

Sections 162(f) and 6050X of the Internal Revenue Code, which allow for certain payments

by employers to be deducted from the employer's taxes. If EEOC is required by law to do

so, Defendant will be provided with a copy of the 1098-F form provided to the Internal

Revenue Service (IRS). Defendant's EIN is: 36-4845284. The individual to whom EEOC

should mail a copy of the Form 1098-F, if EEOC is required to issue one is: Craig Fortney,

Red Barchetta LLC, 50 Martin St, Elkins, WV 26241;

b.      EEOC has not made any representations regarding whether the amount paid pursuant to this Decree qualifies for the deduction under the Internal Revenue Code;

c.      EEOC's provision to Defendant of Form 1098-F does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met;

d.      Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from EEOC; and

e.      Defendant is not acting in reliance on any representations made by EEOC regarding whether the amounts paid pursuant to this Decree qualify for a deduction under the Internal Revenue Code.

## MISCELLANEOUS PROVISIONS

29.     Each party to this Decree shall bear its own expenses, attorney's fees and costs.

30.     The provisions of this Consent Decree shall be binding upon the present and future owners, partners, directors, officers, managers, agents, successors and assigns of Defendant.

31.     If any provision(s) of the Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

32.     When this Decree requires a certification by Defendant of any fact(s), such certification shall be made under oath or penalty of perjury.

33.     When this Decree requires the submission by Defendant of reports, certifications, notices, or other materials to the EEOC, they shall be mailed or electronically transmitted to: U.S. Equal Employment Opportunity Commission, Baltimore Field Office, c/o Casey M. Shea, Senior Trial Attorney, George H. Fallon Federal Building, 31 Hopkins Plaza, Suite 1432, Baltimore, MD 21201, e-mail: casey.shea@eeoc.gov.

34.     This Consent Decree constitutes the entire agreement and commitments of the

parties.  Any modifications to this agreement must be mutually agreed upon and memorialized in a separate writing signed by Defendant and EEOC and approved by the Court.

35.     This Decree may be executed in counterparts.


[remainder of page intentionally left blank]

**AGREED BY:**

**For Plaintiff U.S. Equal Employment Opportunity Commission:**

GWENDOLYN YOUNG REAMS
ACTING GENERAL COUNSEL

CHRISTOPHER LAGE
DEPUTY GENERAL COUNSEL

LISA MORELLI
ACTING ASSOCIATE GENERAL COUNSEL

*Debra Lawrence* by CS per authorization
_____
DEBRA M. LAWRENCE
REGIONAL ATTORNEY

Dated: 5/24/23

*Ronald Phillips* by CS per authorization
_____
RONALD L. PHILLIPS
SUPERVISORY TRIAL ATTORNEY

Dated: 5/24/23

_____
CASEY M. SHEA
SENIOR TRIAL ATTORNEY
Md. I.D. No. 1706200165
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Phone: (410) 801-6728
Fax: (410) 992-7880
Email: casey.shea@eeoc.gov

Dated: 5/24/23

*Delaney Anderson* by CS per authorization
_____
DELANEY ANDERSON
TRIAL ATTORNEY
Md. I.D. No. 2112140015

**For Defendant Red Barchetta LLC:**

_____
LARRY J. RECTOR (BAR # 6418)
Steptoe & Johnson PLLC
400 White Oaks Blvd.
Bridgeport, West Virginia  26330
Phone: (304) 933-8151
Email: larry.rector@steptoe-johnson.com

*Counsel for Defendant Red Barchetta LLC*

Dated: 5/22/23

_____
Craig Fortney
General Manager

*Authorized Representative of Red Barchetta LLC*

Dated: 5/19/23 with authorization

21

31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Phone: (410) 801-6742
Fax: (410) 992-7880
Email: delaney.anderson@eeoc.gov

Dated: **5/24/23**


**IT IS SO ORDERED:**

May 26, 2023
_____
DATE

_____
HONORABLE THOMAS S. KLEEH
Chief United States District Judge

22